UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>        Plaintiff,<br>  v.<br><br>JO GENTRY, *et al.*,<br><br>        Defendants. | Case No. 2:19-cv-00232-MMD-NJK<br><br>ORDER |

## I. SUMMARY

The Court previously granted in part and denied in part Defendants'[1] motion for summary judgment ("Summary Judgment Motion") (ECF No. 46 (denying ECF No. 32)). Before the Court is Defendants' motion for reconsideration ("Motion") (ECF No. 48) of this Court's order (the "Order").[2] For the reasons discussed below, the Court will deny the Motion.

## II. LEGAL STANDARD

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was

---

[1]Defendants are James Dzurenda, Brian Williams, James Cox, and Michaela Garufalo.

[2]Plaintiff's response to the Motion is due October 26, 2020. Although Plaintiff has not yet responded, the Court is familiar with the issues raised and finds a response to be unnecessary. Accordingly, the Court denies Plaintiff's motion for extension of time to oppose the Motion (ECF No. 50) as moot.

manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). But "[a] motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

**III.    DISCUSSION**

Defendants do not present the Court with newly discovered evidence or an intervening change in the law. Rather, Defendants simply argue that the Court committed clear error in its Order. The Court is unpersuaded. Defendants largely repeat their prior arguments from the Summary Judgment Motion—in essence, Defendants merely seek another opportunity to persuade the Court of their original position. For this reason alone the Court may deny the Motion. *See Brown*, 378 F. Supp. at 1288. However, the Motion is also denied on the merits as explained below.

Defendants assert that the Court erred by finding Plaintiff has standing to challenge the conditions at Southern Desert Correctional Center ("SDCC") because Plaintiff did not suffer any injury and his alleged future harms are speculative. (ECF No. 48 at 4-6.)[3] But while Defendants argue that Plaintiff has not demonstrated that he faces any imminent harm from the alleged double celling,[4] overcrowding, and lack of supervision, a prisoner seeking injunctive relief for unsafe conditions need not "await a tragic event such as an actual assault before obtaining relief." *Farmer v. Brennan*, 511 U.S. 825, 845 (1994)

---

[3] Defendants also dispute the Court's finding that Plaintiff's Eighth Amendment rights regarding the bunk bed and the conditions of confinement were clearly established, arguing that the inquiry was not specific enough. (ECF No. 48 at 7-10.) Yet, it is clear "officials can be on notice that their conduct violates established law even in novel factual circumstances." *Hope v. Pelzer*, 536 U.S. 730, 741 (2002); *see also Deorle v. Rutherford*, 272 F.3d 1272, 1285-86 (9th Cir. 2001) (clarifying that qualified immunity does not require that a prior case prohibit the exact misconduct at issue in the case).

[4] Defendants also challenge Plaintiff's statements that double celling and a lack of ventilation caused his cell to get hotter. (ECF No. 48 at 5.) The Court declines to consider these arguments as they are raised for the first time in the Motion. *See Hopkins v. Andaya*, 958 F.2d 881, 889 n. 5 (9th Cir. 1992), *impliedly overruled on other grounds in Federman v. Cty. of Kern*, 61 F. App'x 438, 440 (9th Cir. 2003).

1    (internal citations and quotation marks omitted); *see also Lemire v. Cal. Dept. of*
2    *Corrections and Rehabilitation*, 726 F.3d 1062, 1076 (9th Cir. 2013) (stating that when
3    establishing deliberate indifference to an inmate's safety, it does not matter "whether a
4    prisoner faces an excessive risk for reasons personal to him or because all prisoners in
5    his situation face such a risk") (quoting *Farmer* 511 U.S. at 843). Defendants also argue
6    that Plaintiff does not have standing to challenge the fire safety system, as he has not
7    demonstrated a certain or impending risk of a fire. (ECF No. 48 at 6.) However, "[p]risoners
8    have the right not to be subjected to the unreasonable threat of injury or death by fire and
9    need not wait until actual casualties occur in order to obtain relief from such conditions."
10   *Hoptowit v. Spellman*, 753 F.2d 779, 784 (9th Cir. 1985).[5] Defendants thus fail to show
11   the Court clearly erred in its analysis of Plaintiff's conditions of confinement claims.

12   Defendants further contend the Court committed clear error by finding that allegedly
13   "conclusory and self-serving" statements in Plaintiff's verified complaint and attached
14   affidavit created a genuine issue of material fact regarding whether Plaintiff informed
15   Defendants of the conditions at SDCC. (ECF No. 48 at 6-7.) Defendants point to *Gray v*
16   *Neven*, which held that a one-sentence allegation in an inmates' affidavit stating that a
17   prison official threatened him did not create a genuine issue of material fact because the
18   statement was only a "bare general allegation without more." (*Id.*); *see also Gray v. Neven*,
19   Case No. 2:16-cv-01651-RFB-GWF, 2019 WL 690344, at *4 (D. Nev. Feb. 19, 2019).
20   However, the Ninth Circuit reversed the district court on this issue and found that the
21   statements in the plaintiff's verified complaint and affidavit created a genuine dispute of
22   material fact. *Gray v. Neven*, 815 F. App'x. 214, 215 (9th Cir. 2020).[6]

---

[5]The Court does not reach the merits of Plaintiff's claim regarding SDCC's allegedly inadequate fire safety system because Defendants only challenge Plaintiff's standing to assert the claim and do not address the merits of the claim.

[6]The Court is again troubled by Defendants' failure to acknowledge this reversal because the Nevada Attorney General's Office—who represent Defendants in this case—also represented the defendants in *Gray*. In fact, this Court recently accepted a Report and Recommendation that admonished counsel in the Nevada Attorney General's Office for failing to acknowledge that this argument was rejected by the Ninth Circuit in another
*(fn. cont…)*

3

Defendants also argue it was clear error for the Court to decline to consider their qualified immunity arguments regarding Plaintiff's dental care. But it is not clear error for a district court to decline to consider arguments raised for the first time in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). In any event, Defendants are not entitled to qualified immunity on Plaintiff's Eighth Amendment claims involving dental care because it was clearly established at the time that a prison official acts with deliberate indifference if they are aware of an inmate's serious dental needs but refuse to provide treatment. *See Woods v. Carey*, 488 F. App'x. 194, 197 (9th Cir. 2012) (stating that it is "clearly established . . . that a prison official who delays the receipt of necessary dental treatment has violated the inmate's constitutional rights"); *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (finding that an inmate sufficiently stated a deliberate indifference claim against prison officials who "were aware of his bleeding gums, breaking teeth and his inability to eat properly" but failed to take action).

Defendants additionally assert the Court erred because Plaintiff failed to establish that Defendants personally participated in his dental care under *Peralta v. Dillard*. There, the Ninth Circuit held that a plaintiff failed to establish personal participation by a defendant prison official who merely signed the plaintiff's appeal because the defendant was not a dentist and instead relied on staff dentists to determine a reasonable course of treatment. *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014). But *Peralta* is distinguishable because Plaintiff here has provided evidence that he informed Defendants of his need for dental care. (*See* ECF No. 46 at 9-10.) Moreover, unlike the plaintiff in *Peralta* who received dental care—including x-rays, ibuprofen for pain relief, and medication for an

---

case to which the Office was involved. *See Manley v. Rowley*, 847 F.3d 705, 710-711 (9th Cir. 2017) (finding that the district court erred by not considering the self-serving and uncorroborated statements of an inmate who was allegedly under the influence methamphetamine during the relevant events); *see also Augborne v. Filson*, Case No. 3:17-cv-00393-MMD-CLB, 2020 WL 3868868, at *1 (D. Nev. July 8, 2020) (accepting report and recommendation of magistrate judge); *Augborne v. Filson*, Case No. 3:17-cv-00393-MMD-CLB, 2020 WL 5539800, at *5 n.4 (D. Nev. June 16, 2020) (describing the Nevada Attorney General's Office's conduct as "troubling" and "unacceptable"). Defendants' counsel should exercise care in relying on cases that have been reversed on appeal.

infection—within months of his request, here Plaintiff has provided evidence that he was not even placed on a list to be treated until years after he informed Defendants of his dental issue. (*Id.*) Defendants thus fail to demonstrate that the Court erred in its analysis of Plaintiff's Eighth Amendment claims involving dental care.

Accordingly, the Court denies Defendants' Motion as they have not demonstrated that the Court committed clear error in the Order.

**IV.    CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that Defendants' motion for reconsideration (ECF No. 48) is denied.

It is further ordered that Plaintiff's motion for extension of time (ECF No. 50) is denied as moot.

It is further ordered that the Clerk of Court update Plaintiff's address to SDCC as indicated in the motion for extension of time (ECF No. 50).

DATED THIS 23rd day of October 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE