UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAUSTEVEION JOHNSON,<br><br>               Plaintiff,<br>    v.<br><br>SOUTHERN DESERT CORRECTIONAL CENTER, *et al.*,<br><br>               Defendants. | Case No. 2:19-cv-00232-MMD-DJA<br><br>ORDER |

*Pro se* Plaintiff Lausteveion Johnson brings this action under 42 U.S.C. § 1983 for claims arising from the conditions of his confinement while in the custody of the Nevada Department of Corrections. (ECF No. 7.) On September 14, 2020, the Court granted in part Defendants' motion for summary judgment, but allowed Johnson's Eighth Amendment conditions of confinement and deliberate indifference to a serious medical need claims to proceed. (ECF No. 46.) On March 28, 2022, the parties attended a settlement conference with U.S. Magistrate Judge Nancy J. Koppe, but no settlement was reached. (ECF No. 82.) The Court then ordered the parties to file a proposed joint pretrial order by June 21, 2022. (*Id.*)

Since the settlement conference, Johnson has filed six motions, which the Court will now address. Johnson's first motion requests the Court appoint an expert witness. (ECF No. 81.) To the extent Johnson requests that expert witness fees be paid by the Court, the motion must be denied. "[T]he expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *Tedder v. Odol*, 890 F.2d 210, 211 (9th Cir. 1989) (quoting *United States v. MacCollom*, 426 U.S. 317, 321 (1976)). Moreover, 28 U.S.C. § 1915 does not authorize waiver of witness fees. *Id.* at

212. Because the use of public funds is not authorized and the fees may not be waived, Johnson's motion (ECF No. 81) is denied.

Second, Johnson moves for appointment of counsel. (ECF No. 83.) Because the Court cannot find that "exceptional circumstances" exist in this case that would support requesting pro bono counsel be assigned, the Court will also deny this motion. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991) (holding that courts may exercise their discretion to request counsel only under "exceptional circumstances").

Next, Johnson's motion to file a separate proposed pretrial order (ECF No. 84), motion for sanctions (ECF No. 89), and motion for default judgment (ECF No. 90) are also denied. Per Defendants' response detailing their efforts, the parties appear to be working on their proposed joint pretrial order. (ECF No. 93.) Moreover, even if the Court assumed Defendants were not diligent in meeting the Court's established deadlines, the sanctions Johnson requests are unreasonable. However, the Court will extend the deadline for the parties to file their proposed joint pretrial order to **July 19, 2022**, to give the parties sufficient time to finalize their proposed order.

Finally, the Court denies Johnson's motion to enforce a settlement agreement (ECF No. 91) because no settlement agreement was reached (ECF No. 78).

It is therefore ordered that Johnson's motion for the court to pay his expert witness fees (ECF No. 81) is denied.

It is further ordered that Johnson's motion for appointment of counsel (ECF No. 83) is denied.

It is further ordered that Johnson's motion to file a separate pretrial order (ECF No. 84) is denied.

It is further ordered that Johnson's motion for sanctions (ECF No. 89) is denied.

It is further ordered that Johnson's motion for default judgment (ECF No. 90) is denied.

It is further ordered that Johnson's motion to enforce a settlement agreement (ECF No. 91) is denied.

It is further ordered that the parties' proposed joint pretrial order is due by **July 19. 2022**.

DATED THIS 22nd Day of June 2022.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE