1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Lausteveion Johnson, | Case No. 2:19-cv-00232-MMD-DJA |
| Plaintiff, | |
| v. | **Order** |
| Jo Gentry, et al., | |
| Defendants. | |

Before the Court is *pro se* Plaintiff Lausteveion Johnson's motion to terminate defense counsel (ECF No. 98), motion for sanctions (ECF No. 102), and motion for appointment of counsel (ECF No. 106). Because Defendants' counsel has changed, the Court denies Plaintiff's motion to terminate defense counsel as moot. (ECF No 98). Because the Court finds that the delay about which Plaintiff complains is not sanctionable, but that a firm deadline is necessary, it denies Plaintiff's motion for sanctions and sets a deadline for the parties to file their joint pretrial order. (ECF No. 102). Because the Court finds that Plaintiff has established sufficient merit to his claims and exceptional circumstances, it grants Plaintiff's motion for appointment of counsel. (ECF No. 106).

**I.    Discussion.**

      ***A.    The Court denies Plaintiff's motion to terminate defense counsel.***

Plaintiff moves to terminate Deputy Attorney General Lance White from representing Defendants in this case because Plaintiff asserts to have three active civil actions against White (ECF No. 98). However, on September 15, 2022, Defendants filed a notice of change of Deputy Attorney General. (ECF No. 108). Deputy Attorney General Lance White is no longer associated with this case and the Court denies Plaintiff's motion as moot.

1    **B.      The Court denies Plaintiff's motion for sanctions.**

2        Plaintiff moves for sanctions, arguing that White refused to meet and confer with him to

3    come up with the joint pretrial order, causing the parties to miss their deadline multiple times.

4    (ECF No. 102).  Plaintiff asserts that he has never received a joint pretrial order from Defendants,

5    despite the deadline being extended.  (*Id.*).  Indeed, the docket reflects that the joint pretrial order

6    was initially due April 27, 2022.  (ECF Nos. 67 and 78).  When the parties missed that deadline,

7    the Court extended it to June 21, 2022.  (ECF No. 82).  Plaintiff moved for sanctions on June 8,

8    2022, explaining that the deadline was in two weeks, but that Defendants had refused to meet and

9    confer to create the joint pretrial order.  (ECF No. 89).  The Court denied Plaintiff's motion for

10   sanctions on June 22, 2022 and noted that "Defendants' response detail[ed] their efforts…even if

11   the Court assumed Defendants were not diligent in meeting the Court's established deadlines, the

12   sanctions Johnson requests are unreasonable."  (ECF No 94).  The Court again extended the

13   deadline to July 19, 2022.  (*Id.*).

14       Defendants' response to the instant motion does not address the missed deadlines.  (ECF

15   No. 104).  And while Defendants assert to have met and conferred with Plaintiff on June 17, 2022

16   regarding the joint pretrial order, their response was filed almost two months later but did not

17   provide any explanation about the current status of the joint pretrial order.  (*Id.*).  On the other

18   hand, White—the attorney with whom Plaintiff asserts he had difficulty communicating—is no

19   longer on the case.  (ECF No. 108).

20       The Court thus denies Plaintiff's motion for sanctions but sets a firm deadline by which

21   the parties must file their joint pretrial order.  It appears that discussions regarding the joint

22   pretrial order have progressed slightly since the Court last extended the deadline.  The Court does

23   not find the delay sanctionable at this point.  The Court will not order sanctions but will require

24   the parties to file their joint pretrial order by **October 20, 2022**.

25   **C.      The Court grants Plaintiff's motion for appointment of counsel.**

26       Courts have authority to request that an attorney represent any person unable to afford

27   counsel.  28 U.S.C. § 1915(e)(1).  Whether to appoint counsel is within the discretion of the

28   district court and requires a showing of exceptional circumstances.  *Agyeman v. Corrections*

1    *Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  To determine whether exceptional

2    circumstances exist, courts consider the likelihood that the plaintiff will succeed on the merits as

3    well as the plaintiff's ability to articulate his claims "in light of the complexity of the legal issues

4    involved."  *Id.*  Neither factor is dispositive, and both must be viewed together.  *Wilborn v.*

5    *Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

6            In *Kern v. Henry*, the Honorable District Judge Richard F. Boulware appointed counsel to

7    an inmate who asserted that HDSP violated his Eighth Amendment rights by imposing

8    unconstitutional conditions of confinement.  *See Kern*, 2017 U.S. Dist. LEXIS 62435, at *1-4.

9    The court first found that the inmate's claim was likely to succeed because it had survived

10   summary judgment and would proceed to trial.  *Id.*  It then found that the inmate would have

11   difficulty articulating his claim considering its complexity.  *Id.*  The court explained:

12              Plaintiff's Eighth Amendment conditions of confinement claim will
13              involve both nuances of the law as it relates to different aspects of
             confinement, e.g. exercise and hygiene, and trial preparation in
14              relation to witnesses who are confined (or were confined) with
             Plaintiff.  While Plaintiff has been able to sufficiently raise genuine
15              issues of material fact for the one claim that is proceeding, this
             standard is different and less burdensome than what he will face at
16              trial.  The court finds that complexity of the relevant legal issues and
             requirements for trial preparation in this case warrant the
17              appointment of counsel.

18

19           *Id.*

20           Here, Plaintiff has demonstrated both a sufficient likelihood of success and an inability to

21   articulate his claims considering the complexity of the legal issues.  First, certain of Plaintiff's

22   claims—like the plaintiff's claim in *Kern*—have survived summary judgment and are proceeding

23   to trial.  Second, Plaintiff's causes of action—like the cause of action in *Kern*—involve legal

24   nuances of deliberate indifference to medical and mental health needs and the complexities that

25   trial preparation on these issues presents.  While Defendants are correct that Plaintiff has

26   successfully maintained his case thus far, the complexity that preparing his pretrial order and

27   preparing for trial presents warrants the appointment of counsel.  And although Defendants assert

28   that Plaintiff has substantial experience in filing lawsuits given his sixteen open cases, they do not

1   assert that those cases have passed screening or have proceeded as far as this one.  The Court thus

2   grants Plaintiff's motion under 28 U.S.C. § 1915(e).

3           Because the Court will exercise its discretion to appoint counsel and grant Plaintiff's

4   motion for appointment of counsel, it will refer the case to the Court's Pro Bono Program to

5   attempt to find an attorney to accept Plaintiff's case.  Plaintiff should be aware that the Court has

6   no authority to *require* attorneys to represent indigent litigants in civil cases under 28 U.S.C.

7   § 1915(e).  *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296, 298 (1989).

8   Rather, when a court "appoints" an attorney, it can only do so if the attorney voluntarily accepts

9   the assignment.  *Id.*  Additionally, Plaintiff is reminded that until counsel is appointed, he is still

10  responsible for complying with all deadlines in his case.  If counsel is found, an order appointing

11  counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

12          **IT IS THEREFORE ORDERED** that Plaintiff's motion to terminate defense counsel

13  (ECF No. 98) is **denied as moot.**

14          **IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions (ECF No. 102) is

15  **denied.**

16          **IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (ECF

17  No. 106) is **granted.**

18          **IT IS FURTHER ORDERED** that this case shall be referred to the Pro Bono Program

19  adopted in Second Amended General Order 2019-07 for the purpose of screening for financial

20  eligibility (if necessary) and identifying counsel willing to be appointed as *pro bono* counsel for

21  Plaintiff.  Plaintiff is reminded that he must comply with all deadlines currently set in his case and

22  there is no guarantee that counsel will be appointed.  If counsel is found, an order appointing

23  counsel will be issued by the Court, and Plaintiff will be contacted by counsel.

24          **IT IS FUTHER ORDERED** that the Clerk's office is kindly directed to forward this

25  order to the Pro Bono Liaison.

26          DATED: September 20, 2022

27                                                          _____

28                                                          DANIEL J. ALBREGTS
                                                            UNITED STATES MAGISTRATE JUDGE